IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

LAURA STEPHENS,

    Plaintiff,

v

Case No.:

Hon.

ALLIANCE ONE RECEIVABLE MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT

NOW COMES Plaintiff, Laura Stephens, by and through her attorneys, Huron Law Group PLLC, and for her Complaint, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* In particular, Defendant contacted Plaintiff after it knew it was represented by attorney.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Laura Stephens is a natural person and resident of Waterford, Oakland County, State of Michigan, and a "consumer" as defined by the FDCPA.

3. Alliance One Receivable Management, Inc ("Alliance One") is a debt collector under 15 U.S.C. § 1692a(6) incorporated in Pennsylvania with its principal place of business in Trevose, Pennsylvania.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

1

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. On or about July 1, 2014 Ms. Stephens received a collection letter from Alliance One in

an attempt to collect a debt for a Citibank account ending in 9139.

13. On or about July 16, 2014 Ms. Stephens forwarded the letter to her legal assistant, Tamica Lee, of Huron Law Group PLLC.  (**Affidavit of Tamica Lee attached, Exhibit 1) (Collection letter  attached, Exhibit 2)**

14. On or about July 16, 2014 Ms. Lee faxed a power of attorney to Alliance One. (**Fax Confirmation attached Exhibit 3**)

15. On or about August 4, 2014 Ms, Stephens received a second collection letter from Alliance One in an attempt to collect on a debt for a Citibank account ending in 9139. **(Collection letter attached, Exhibit 4)**

16. Despite the dialogue and power of attorney from Plaintiff's law firm, Defendant communicated directly with the Plaintiff. **(Exhibit 4)**.

## COUNT I—15 U.S.C. § 1692c(a)(2) and 1692b(6)

17. Plaintiff incorporates by reference all other paragraphs of this Complaint.

18. Defendant improperly communicated with Plaintiff after having knowledge that Plaintiff was represented by counsel with respect to the alleged debt.

19. Plaintiff's attorneys responded within a reasonable amount of time to all communications from Defendant.

20. Plaintiff's attorneys did not give Defendant permission to contact Plaintiff directly.

21. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692c(a)(2) and 1692b(6) of the FDCPA.

    WHEREFORE, Plaintiff requests the following relief:

    A.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

   B.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

   C.  Such other relief as the Court deems just and equitable.

Respectfully submitted:

Dated:  November 18, 2014

_____/s/ Charles N. DeGryse_____
Charles N. DeGryse (P72390)
Huron Law Group PLLC
Attorneys for Plaintiff
30600 Telegraph Rd Ste 1240
Bingham Farms, Michigan 48025
(248) 440-7322-phone
(248) 327-2531-fax
cdegryse@huronlawgroup.com